**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 26-25901-CIV-CANNON**

**NELSON DAVID FLORES MARADIAGA**,

Petitioner,

v.

**SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.***,

Respondents.
_______________________________________/

**ORDER TO SHOW CAUSE AND STRIKING EMERGENCY DESIGNATION**

**THIS CAUSE** comes before the Court upon a *sua sponte* review of the record. Petitioner Nelson David Florida Maradiaga ("Petitioner"), an immigration detainee currently detained at the ICE ERO Miami Field Office in Miramar, Florida, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging the legality of his re-detention by immigration authorities following his release from custody over twenty years ago [ECF No. 1].

To permit proper consideration of the Petition, the Court hereby **ORDERS AND ADJUDGES** as follows:

1. On or before **September 14, 2026,** Respondents shall file a written notice with the Court indicating (a) the names and addresses of the attorneys to whom this case has been assigned; and (b) documentation showing that any records relevant to Petitioner's claim have been requested.

2. On or before **October 9, 2026**, Respondents shall file a memorandum of fact and law to show cause why the instant petition should not be granted and shall file therewith all documents and transcripts necessary for the resolution of this matter.

3. Respondents **SHALL NOT** caption the response as a "Motion to Dismiss."

4. Petitioner may, but is not required to, file a reply. The reply must be **filed within 14 days** of the date on which the Court dockets the Respondents' response. If the reply is not filed within **14 days** of the date on which the Response is docketed, the Court will deem the matter submitted. The Court will not consider an untimely reply. *See* Rule 5(e), Rules Governing Section 2254 Cases in the United States District Courts ("The petitioner may file a reply to the respondent's answer or other pleading. The judge must set the time to file unless the time is already set by local rule."); *see also* Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts ("The district court may apply any or all of these rules to a [§ 2241 petition].").

5. The body of the reply, if filed, shall not exceed **ten (10) pages** and shall otherwise comply with the Court's applicable Local Rules governing the form of filings. *See* S.D. Fla. L.R. 7.1(c)(2); *see also* S.D. Fla. L.R. 5.1(a).

6. To the extent that Petitioner sought to bring the Petition as a "Emergency Petition" under Local Rule 7.1, the Petition lacks a certificate of emergency as required by Rule 7.1(d)(1) of this Court's Local Rules. *See* S.D. Fla. L.R. 7.1(d)(1). Further, a review of the Petition fails to reveal any true emergency that would warrant emergency relief, as nothing indicates that the Petition would become moot if not ruled on within seven days. *See* S.D. Fla. L.R. 7.1(d)(1) ("Generally, unless a motion will become moot if not ruled on within seven (7) days, the motion should not be filed as an emergency motion"). Therefore, the Court hereby **STRIKES** the Petition's emergency designation.

**ORDERED** in Chambers in Fort Pierce, Florida, this 1st day of September 2026.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record

**Noticing 2241/Bivens US Attorney**
Email: usafls-2255@usdoj.gov

**Noticing INS Attorney**
Email: usafls-immigration@usdoj.gov